# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL MCLEMORE,

    *Petitioner*,

vs.

RENEE BAKER,„*et al.,*

    *Respondents*.

3:14-cv-00284-LRH-WGC

ORDER

    This habeas matter comes before the Court for initial review.

    The papers presented are subject to multiple defects.

    First, petitioner did not properly commence this action by either paying the filing fee or submitting a properly completed pauper application.

    Second, petitioner did not use the required petition form.  Under LSR 3-1 of the local rules, petitioner must file a habeas petition on the Court's required § 2254 petition form.  Petitioner instead presented: (a) 3 handwritten pages followed by (b) 63 pages of copies of state court decisions and other record materials followed by (c) 30 pages of jumbled handwritten allegations followed by (d) another 21 pages of copies of state court record materials followed by (e) the signature page from the form. Writing on the handwritten pages is scrawled across pages without top, bottom or side margins, such that material was not and could not be picked up by the scanner when the paper was imaged for filing on the electronic docketing system.

    Petitioner instead must use the required petition form, and only the petition form, to state his claims, in their entirety, without reliance on state court record materials interspersed within the petition

itself. He further must write legibly within the margins established by the petition form so that all of the written material can be imaged onto the electronic docketing system. Petitioner should attach only the written state court decisions regarding his conviction after the petition, not within it.

Due to these multiple defects, this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] The papers presented and the online docket records of the state courts reflect the following.

Petitioner Michael Keith Lee McLemore was convicted in 2007, pursuant to a guilty plea, of conspiracy to commit burglary, conspiracy to commit robbery, burglary while in possession of a firearm, first degree kidnapping with the use of a deadly weapon of a victim 60 years of age or older, robbery with the use of a deadly weapon of a victim 60 years of age or older, first degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, and attempted robbery with the use of a deadly weapon.

The judgment of conviction was filed on August 30, 2007, and the time for filing a direct appeal expired on Monday, October 1, 2007.

Petitioner filed a proper person direct appeal on March 10, 2008. The Supreme Court of Nevada dismissed the untimely appeal for lack of jurisdiction on April 17, 2008, in No. 51256 in that court.

On August 30, 2008, petitioner filed a first state post-conviction petition. The state district court denied the petition following an evidentiary hearing. Notice of entry of the decision was sent on March 4, 2009. Petitioner did not appeal the denial of the first state petition. The time for doing so expired on April 6, 2009.

Over four years later, on May 20, 2013, petitioner filed a second state post-conviction petition. The Supreme Court of Nevada affirmed the denial of the petition on the basis that the petition was both untimely and successive, in No. 63917 in that court. The remittitur issued and concluded the post-conviction appeal on April 24, 2014.

It appears that the papers currently on file in this federal action were received by the Clerk of the Supreme Court of Nevada on May 16, 2014. The Clerk of this Court received and filed the papers in this action on June 2, 2014.

Absent other tolling or delayed accrual, the federal limitation began running under 28 U.S.C. § 2244(d)(1)(A) after the expiration of the time for filing a direct appeal on October 1, 2007. The timely first state petition statutorily tolled the running of the limitation period under 28 U.S.C. § 2244(d)(2) from the August 30, 2008, filing of the petition through the April 6, 2009, expiration of the time for appealing the denial of relief. A total of 333 days passed before the filing of the first state petition. Absent other tolling or delayed accrual, 32 days remained in the one-year limitation period after the expiration of the time for filing a post-conviction appeal.

Accordingly, absent other tolling or delayed accrual, the federal limitation period putatively expired on May 8, 2009. The second state petition itself would not render a federal action timely for two reasons. First, the petition was filed over four years after the federal limitation period already had expired on its face. Second, an untimely state petition in any event does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

(continued...)

1       IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the
2 filing of a new petition in a properly commenced new action under a new docket number.
3       IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of reason
4 would not find the dismissal of the improperly-commenced action without prejudice to be debatable or
5 wrong, as the dismissal will not materially impact the issues in a new action or otherwise result in
6 substantial prejudice.  See text at 2 and n.1, *supra*.
7       The Clerk shall SEND petitioner two copies each of a pauper form for an incarcerated person,
8 a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the
9 papers that he submitted.
10       The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.
11       DATED this 4th day of June, 2014.

                                                        _____
                                                          LARRY R. HICKS
                                                          UNITED STATES DISTRICT JUDGE

---

[1](...continued)

The dismissal of the present action without prejudice will not materially impact the adjudication of a timeliness issue in a promptly-filed new action.  The timeliness of a properly commenced new federal habeas action would not hinge upon the filing date of this action, given that the federal limitation period putatively expired five years prior to the constructive filing of this action.

The Court emphasizes that: (a) it is not directing petitioner to file any particular claims or pleadings in a new action but simply is dismissing this improperly-commenced action without prejudice; and (b) it makes no representation that any of petitioner's claims are timely, exhausted, or otherwise viable, either at this point or at the filing of new action.  Petitioner at all times remains responsible for filing timely claims in an appropriate state or federal procedural vehicle after first satisfying any applicable exhaustion requirement.